JOHN CRESSWELL ET AL.

v.

JOHN H. OBERLY ET AL.

1. CORPORATION—ORGANIZATION.—The act of recording the certificate with the recorder of the county is the necessary and final act which gives to the organization its corporate life and endows it with its franchises and faculties. Until this is done, there is in fact no corporation *in esse* capable of doing business or contracting liabilities.

2. SAME—LIABILITY OF STOCKHOLDERS AS PARTNERS—ESTOPPEL.—A suit and judgment therein against an imperfectly organized corporation, as between the plaintiffs and defendant corporation, will operate as an estoppel to bar the same plaintiffs from recovering from the members of the corporation on their individual liability as partners in the same cause of action.

APPEAL from the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding. Opinion filed December 23, 1885.

Mr. THOMAS DENT and Mr. I. K. BOYESEN, for plaintiffs in error.

Messrs. W. and W. D. BARGE, for defendant in error.

BAILEY, P. J. This was a suit in assumpsit, brought by John Cresswell and another, against John Oberly and eight others, upon an account for merchandise sold and delivered, the declaration charging the defendants as "late partners trading and doing business under the firm, name and style of the Bloomington Printing and Publishing Company." The defendants pleaded non-assumpsit, and special pleas denying their joint liability, said pleas being duly verified by the affidavit of one of their number, and upon a trial of the issues by the court without a jury judgment was rendered for the defendants.

The defense interposed was, that the Bloomington Printing and Publishing Company was a corporation organized under the laws of this State, and that the indebtedness for which the suit was brought was incurred by it in its corporate capacity.

It appears that on the 4th day of November, 1880, seven of the defendants made and acknowledged a statement that they proposed to form a corporation under the name of "The Bloomington Printing and Publishing Company," setting forth the objects for which it was to be formed, its capital stock, the number of shares of which such stock was to consist, the location of the principal office, and the duration of the corporation, in accordance with the second section of the act concerning corporations, and filed said statement in the office of the secretary of state; that a license was thereupon issued to said associates as commissioners, to open books of subscription to the capital stock of said company, and that on the 7th day of February, 1881, said commissoners filed in the office of the secretary of state, a report of their proceedings, showing that the entire amount of the capital stock had been subscribed, and that they had convened a meeting of the subscribers for the purpose of electing directors of the company, due notice of said meeting having been given, and that at such meeting a board of directors had been duly elected. Among the subscribers to said capital stock were the other two of the defendants.

It further appears that upon such report the secretary of state issued a certificate of the complete organization of the company under his hand and the seal of state, said certificate bearing date said 7th day of February, 1881. Said certificate was filed for record and recorded in the office of the recorder of McLean county, where the principal office of the company was located, on the 30th day of August, 1881.

Shortly after the date of said certificate, and before it was filed for record in the office of the recorder of McLean county, said company commenced doing business as a corporation, and continued to do business until its failure, some time in the year 1883, the defendants during all that time supposing that it was duly and properly incorporated. The plaintiffs sold and delivered merchandise to said company on credit at various dates from May 31, 1881, to October 31, 1881. On the 14th day of April, 1882, they brought suit against said company as a corporation, in the Circuit Court of McLean county, to recover

the value of said merchandise, and obtained judgment for $606.20, the entire amount of their account. They afterward caused execution to be issued on said judgment to the sheriff of said county, and the same being returned wholly unsatisfied they instituted proceedings by way of garnishment against certain of the stockholders of the company to reach unpaid subscriptions to said capital stock, but it being shown that said subscriptions had been fully paid, said garnishee proceedings proved unavailing. No part of said judgment has been paid or satisfied, and said judgment remains in full force, not vacated or appealed from.

The present suit was brought against the defendants as co-partners, to recover so much of the identical indebtedness upon which said judgment against the corporation was recovered as accrued prior to August 30, 1881, the day on which the certificate of incorporation was filed in the recorder's office. Part of the defendants were stockholders at the time said indebtedness accrued, but part of them, so far as the record shows, had no further connection with the company than merely joining in the execution of the original statement, and acting as commissioners to obtain subscriptions to the capital stock and to perfect the organization of the company.

It is not claimed that the corporation was not fully organized when the certificate of organization, issued by the secretary of state, was filed for record in the recorder's office. The question is, whether upon the *issuing* of said certificate, the associates became a corporation *de facto*, so as to escape liability as partners, for debts created by them in the prosecution of the business of the association.

The existence of a corporation formed under a general statute requiring certain acts to be performed before the corporation can be considered *in esse*, must be proved by showing, at least, a substantial compliance with the requirements of the statute. In such case, any material omission will be fatal to the existence of the corporation, and may be taken advantage of collaterally in any form in which the fact of incorporation can properly be called in question. Mokelumne Hill Canal and Min. Co. v. Woodbury, 14 Cal. 424 ; Bigelow v. Gregory, 73

Ill. 197. As held in Gent v. Manuf. & Merch. Mut. Ins. Co., 107 Ill. 652, a corporation must have a full and complete existence as an entity before it can enter into any kind of contract or transact any business. Until organized as authorized by its charter, there is not a corporation; nor does it possess franchises or faculties for it or others to exercise until it acquires a complete existence.

We must look, then, to the requirements of the statute to determine when the existence of the corporation here became full and complete, and the question does not seem to be a difficult one. Various steps are required to be taken to organize and bring into being a corporate existence, the last of which is, the recording of the certificate of complete organization issued by the secretary of state in the office of the recorder of deeds of the county where the principal office of the company is located, and it is then declared that upon the recording of such paper, "the corporation shall be deemed fully organized and may proceed to business." It seems clear that the act of recording the certificate is the necessary and final act which gives to the organization its corporate life and endows it with its franchises and faculties. Until this is done, there is in fact no corporation *in esse*, capable of doing business or contracting liabilities.

But while the evidence fails to show a corporation fully organized at the time the indebtedness in question accrued, we think the plaintiffs are precluded from alleging that its organization was not then complete. They have elected to treat said indebtedness as an indebtedness of the corporation, and to sue the corporation and obtain judgment against it therefor. So far as they are concerned, all question on that subject should be deemed to have been foreclosed. The judgment having the effect of an admission by the plaintiffs in the most solemn form, that the claim for which it was recovered was the debt of a corporate body, and therefore a debt in respect to which the members of the association were exempted from liability as partners, it should be held to operate against the plaintiffs as an estoppel.

The case of Pochelu v. Kemper, 14 La. An. 308, is in point.

There the holder of a promissory note purporting to have been executed by the New Orleans Bone Black Company, instituted suit and recovered judgment thereon against said company as a corporation. Execution on said judgment having been returned unsatisfied, the plaintiff brought another suit for the same cause of action against a member of the association, alleging that the association was composed of certain persons who were jointly and severally liable to him for the payment of the note and judgment. The plaintiff recovered in the court below, but on appeal said judgment was reversed, it being held, that by treating the note as an obligation of a corporation and not of a partnership, and by bringing suit and obtaining judgment against the association as a corporation, the plaintiff was estopped from denying that it was a corporation. See also Lombard v. Sinai Congregation, 64 Ill. 477.

A judgment for the defendants was the proper judgment upon the facts appearing in this record, and it will accordingly be affirmed.

Judgment affirmed.