Loverin v. McLaughlin.

## Q. W. LOVERIN AND GEORGE J. L. JANES
### v.
## W. F. McLAUGHLIN.

*Corporations—Secs. 4 and 18, Chap. 32, R. S.—Statutes—Insolvency.*

1. As a condition precedent to the right of a corporation to proceed to business, the certificate of the Secretary of State required by Sec. 4, Chap. 32, R. S., should be filed in the office of the recorder of the county where its principal office is located, in order that persons dealing with the corporation should have an easy and public inspection of its basis of organization.

2. The discontinuing of proceedings in the County Court and remitting all parties to their rights as of the date of an assignment, leaves a person who had filed his claim with the assignee of an insolvent corporation where he stood at such date, and he is at liberty to proceed under Sec. 18, Chap. 32, R. S., instead of against it, the facts justifying such action.

3. The statute in question is not a penal one and subject to the strict rules governing the construction of penal statutes.

4. When a statute creates a liability, the remedy is invariably at law, unless it provides for proceedings in equity.

[Opinion filed November 15, 1892.]

IN ERROR to the Circuit Court of Cook County; the Hon. S. P. McCONNELL, Judge, presiding.

Messrs. DOOLITTLE, PALMER & TOLMAN, for plaintiffs in error.

Mr. JOHN MAYNARD HARLAN, for defendant in error.

MR. JUSTICE SHEPARD. The pleadings upon which the judgment below was rendered call for a determination as to the necessity of filing in the county recorder's office, for record, the certificate of the Secretary of State required by Sec. 4 of Chap. 32, R. S., Illinois, entitled "Corporations," as a condition precedent to assuming corporate powers by directors without rendering themselves liable for the debts of the corporation under the provisions of Sec. 18 of the same act, and for a construction of that section.

Sec. 18 is as follows:

"If any person or persons being, or pretending to be, an officer or agent, or board of directors, of any stock corporation, or pretended stock corporation, shall assume to exercise corporate powers, or use the name of any such corporation, or pretended corporation, without complying with the provisions of this act, before all stock named in the articles of incorporation shall be subscribed in good faith, then they shall be jointly and severally liable for all debts and liabilities made by them, and contracted in the name of such corporation, or pretended corporation."

The first count in the declaration charges that "Said defendants (plaintiffs in error) pretending to be directors and officers of a pretended corporation by the name of Q. W. Loverin Company, did assume to use corporate powers and to use the name of said pretended corporation without having theretofore complied with an act of the State of Illinois, * * * that is to say: said defendants did not file or cause to be filed, and there had not been filed prior to or at said time, to wit, the 16th day of October, 1889, in the recorder's office of Cook County, in which county was the principal office of said pretended corporation, a certificate from the Secretary of State of the State of Illinois, of the complete organization of said corporation; and so assuming

and pretending, as aforesaid, said defendants did purchase from said plaintiff on the alleged behalf of said pretended corporation, divers goods, wares and merchandise, * * * which said goods, wares and merchandise, were by said plaintiff * * * at the request of said defendants, delivered to them as and so pretending to be directors, officers and agents of said pretended corporation; whereby and by force of the statute in such case made and provided, said defendants became and were jointly and severally liable to pay the plaintiff," etc.

After a demurrer to said count had been overruled, the defendants took leave to plead, and filed three special pleas thereto. Except as to the third plea, which will be discussed later on, it is only necessary to state that the pleas fairly presented the issue as to the necessity of filing, with the county recorder, the certificate of the Secretary of State, in order to relieve the defendant directors from statutory liability under Sec. 18.

Sec. 4 of the Corporation Act is as follows:

"The commissioners shall make a full report of their proceedings, including therein a copy of the notice provided for in the foregoing section, a copy of the subscription list, and the names of the directors or managers elected and their respective terms of office, which report shall be sworn to by at least a majority of the commissioners, and shall be filed in the office of the Secretary of State.

The Secretary of State shall thereupon issue a certificate of the complete organization of the corporation, making a part thereof a copy of all papers filed in his office in and about the organization of the corporation, and duly authenticated under his hand and seal of State, and the same shall be recorded in a book for that purpose, in the office of the recorder of deeds of the county where the principal office of such company is located. Upon the recording of the said copy the corporation shall be deemed fully organized, and may proceed to business.

Unless such company shall be organized and shall proceed to business as provided in this act, within two years

after the date of such license, then such license shall be deemed revoked, and all proceedings thereunder void."

In an opinion by the learned justice then presiding in this court, it was said in Cresswell v. Oberly, 17 Ill. App. 281: "It seems clear that the act of recording the certificate is the necessary and final act which gives to the organization its corporate life and endows it with its franchises and faculties. Until this is done there is in fact no corporation *in esse* capable of doing business or contracting liabilities." Also in Ricker v. Larkin, 27 Ill. App. 625, it was said: "It would seem clear, without reference to any judicial construction of the above section of the statute, that the organization of the company could not be complete without the filing of the copy as required. The grant 'to proceed to business' is plainly made to depend on such recording. The prohibition to proceed to business need not be in express words. The corporation depends for its powers upon the provisions of the statute, either express or implied, and none is granted without the record."

Our Supreme Court in commenting upon a similar provision in Sec. 10, Chap. 73, R. S. Ill., relating to the incorporation, etc., of fire insurance companies, said: "It thus conclusively appears that until after the auditor of public accounts shall have delivered to the company the certified copy of the charter and certificates, and the company shall have filed them in the office of the proper county clerk, there is no authority whatever for the company to commence business and issue policies, and any attempt on its part to do so before, is in direct violation of the statute; for a provision that certain things shall be done to constitute a license or authority, is equivalent to an express prohibition against the license or authority, unless those things shall be done." Diversey v. Smith, 103 Ill. 378.

And again: "Until organized as authorized by the charter there is not a corporation, nor does it possess franchises or faculties for it or others to exercise, until it acquires a complete existence." Gent v. M. & M. Ins. Co., 107 Ill. 652.

It would thus seem that the very plain language of the statute, and the obvious intention of the legislature, that, as a condition precedent to the grant to the corporation to proceed to business, the certificate should be filed in the office of the recorder of the county where its principal office is located, in order that persons dealing with the corporation should have an easy and public inspection of its basis of organization, has been so often stated by the courts of this State as to leave it no longer an open question.

And we do not regard any expressions in Bushnell v. Consolidated Ice Machine Co., 27 N. E. Rep. 596, as indicating otherwise.

As already stated, the grant to proceed to business after the recording of the certificate, is equivalent to an express prohibition against proceeding to business before that act is done. And in order to compel obedience to the requirements of the statute, Sec. 18 follows, with its imposed liabilities upon directors who shall neglect them. Those liabilities consist of all the debts and liabilities which they, as directors, have made, or contracted for, in the name of the corporation. If liable at all, they are so solely on account of the debt or responsibility of the corporation, or pretended corporation, made and contracted for by them as its directors. The fact that the corporation might not be able, as a *de facto* corporation, to deny its responsibility for the debt, does not relieve the directors. This brings us to consider Sec. 18, under which, if at all, the plaintiffs in error are liable.

That section, as it stands, without transposition, adding to or subtracting words from it, is difficult of comprehension. For the first time in the act the words " good faith " are employed in connection with the subscription to the capital stock, and they seem to imply an added duty upon the directors beyond anything required by the previous sections relating to the organization of the corporation, before it may proceed to business. Whether, however, that may be truly so or not, is not necessarily a subject of determination in this case.

Literally read, the section is as if the legislature had said to the directors, "you shall be liable if you assume to exercise the corporate powers of the corporation, or use its name, without complying with the provisions of the act before all its stock shall have been subscribed in good faith."

Many steps in the organization of a corporation, including all those prescribed by Secs. 3 and 4 of the act, which must occur subsequent to the subscription to the capital stock required by Sec. 2, necessarily follow the subscription to the capital stock, and therefore the legislature could not have intended that a compliance with those provisions should precede the stock subscription.

It can not be supposed that the legislature had in contemplation two kinds of subscription to the capital stock—one formal, and with a view to cheat, upon which the certificate of complete organization might issue, and the company proceed to do business, and another in good faith, before the directors might act in safety to themselves.

Without rejecting as surplusage one or the other of the clauses, "without complying with the provisions of this act," or "before all stock named in the articles of incorporation shall be subscribed in good faith," the section is comparatively meaningless, for the reasons we have seen, unless something be added to the section.

The legislative intent should be preserved if it can be gathered from the entire act.

The object of the act was of a two-fold character: to facilitate the organization of corporations under a general law applicable to all alike, and to throw about their organization and conduct all practical safe-guards for the protection of persons dealing with them.

This latter consideration was what was uppermost in the legislative mind in the enactment of Sec. 18.

It had two purposes in view: one to secure fulfillment of all the requirements to a complete organization, and the means of knowing by those who should deal with the corporation that those requirements had been kept, and the other, the good faith character of the subscriptions to the

capital of the company which afforded its basis of credit. It was like saying to the directors, "you shall see that the law has been complied with in organizing the company whose affairs you are to direct, and you shall not put its corporate powers into action knowing that its capital is bogus and fictitious, without rendering yourselves liable."

Both of these objects are obviously within the spirit of the act, and neither of them should be arbitrarily eliminated by judicial construction. Both can be preserved by simply adding the word " or " to the section, and making it read, as it was doubtless intended it should read, "without complying with the provisions of this act, *or* before all stock named in the articles of incorporation shall be subscribed in good faith." The language of the Supreme Court in construing Sec. 16 of the same act, is applicable in construing Sec. 18, in that the statute is not a penal one and subject to the strict rules governing the construction of penal statutes. Wolverton v. Taylor, 132 Ill. 197.

There is no question in the case but that the provision requiring the recording in the recorder's office of the certificate was not complied with, and what we have said disposes of the issue raised by the first and second pleas of the defendants to the first count of the declaration.

The third plea urges that the plaintiff was estopped because he filed his claim, upon which the suit was brought, with the assignee of the Q. W. Loverin Company. To this plea a replication was filed, that plaintiff never received from the assignee, or from any other source, any portion of said claim, and that after filing his claim with the assignee, judgment was entered by the County Court discontinuing all proceedings in the matter of said assignment, and remitting all parties to their rights as of the date of the assignment. A demurrer was interposed to this replication, and was overruled, and defendants elected to abide by their demurrer. The action of the court in overruling the demurrer was, we think, entirely correct.

While it is a case of first impression in this court, we think the discontinuing of proceedings in the County Court

left the parties just where they stood at the date of the assignment, and that thereafter plaintiff was at liberty to elect to proceed against the defendants in this suit, instead of against the corporation.

The mere filing of the claim with the assignee of the corporation, and the dismissal of the assignment proceedings in the County Court, is clearly distinguishable from the case of Creswell v. Oberly, *supra*, where the corporation was sued and judgment against it obtained, and the Louisiana case there cited, wherein judgment had been obtained and execution issued. As was there said by the then presiding justice of this court, " The judgment having the effect of an admission by the plaintiffs in the most solemn form, that the claim for which it was recovered was the debt of a corporate body, and therefore a debt in respect to which the members of the association were exempted from liability as partners, it should be held to operate against the plaintiffs as an estoppel."

The considerations why an estoppel should operate in the case just quoted from, do not, in our opinion, extend to a case like this, where there was a mere filing of the claim, followed by a discontinuance of the entire proceedings with the effect of remitting all parties to their previous rights. The " solemn form " of admission resulting from the judgment of a court upon the claim and the parties to the suit, is wholly lacking in this case.

The contention that the remedy, if any, is in equity and not at law, we think is not sustainable. The statute imposes a several as well as a joint liability.

" When the statute creates a liability, the remedy is invariably at law, unless the statute provides for proceedings in equity." Wincock v. Turpin, 96 Ill. 135.

" Had the statute made the liability of the shareholders joint and not individual and several, then it would be but fair to suppose that equity should be the proper form." Ibid.

Holding as we do, that, upon the record of this case, the plaintiffs in error are liable under Sec. 18 of the act entitled

Wolff Mfg. Co. v. Wilson.

"Corporations," it becomes unnecessary to discuss their liability as partners, as declared upon in the substituted second count of the declaration.

For the reasons given, the judgment of the Circuit Court should be affirmed, and it is so ordered.

*Judgment affirmed.*