*(Circuit Court of Cook County. In Chancery.)*

## Elgin National Watch Company
### vs.
## Max C. Eppenstein, et al.

(December 21, 1892.)

1. CORPORATE NAMES—RIGHT OF ONE ILLINOIS CORPORATION TO EN-
JOIN THE RECORDING OF A CERTIFICATE OF INCORPORATION OF AN-
OTHER ILLINOIS CORPORATION OF A SIMILAR NAME. Certain of
the defendants procured from the secretary of state a final cer-
tificate of incorporation of "The Elgin National Watch Case
Company, of Elgin, Illinois," but before this certificate was re-
corded in the office of the recorder of deeds of Kane County,
Illinois, as required by statute, "The Elgin National Watch
Company" and the "Elgin Watch Case Company" obtained a
temporary injunction restraining the recording of the certificate
of organization of "The Elgin National Watch Case Company,
of Elgin, Illinois." Upon motion of defendants to dissolve the
injunction theretofore granted, *held* that the names were so
similar that confusion would result, and that the defendants
should be enjoined from procuring to be recorded in the re-
corder's office the certificate of incorporation of "The Elgin
National Watch Case Company of Elgin, Illinois."

2. PARTIES—UNORGANIZED CORPORATION. Where the certificate of
final organization of a corporation has not been filed in the
recorder's office as required by statute, it is not necessary to
make such corporation a party defendant in a bill to enjoin
the recording of the certificate, as by so doing the complainant
would admit that it was an existing corporation.

3. POWER OF ILLINOIS CORPORATION TO PREVENT THE ORGANIZATION
OF ANOTHER ILLINOIS CORPORATION OF A SIMILAR NAME. The
legislature has by implication provided that an Illinois cor-
poration may, by proper legal proceedings, prevent the organi-
zation of any other corporation under the laws of this state,
with the same or a similar corporate name, when the consent
thereto of such existing corporation has not been obtained.

4. TRADE NAMES—PROTECTION OF. When parties have, by their
mode of doing business, and by the quality of their products,
and, by selling and delivering to the public articles as valua-
ble as represented, built up under a chosen name a reputation
which is of great value, they should be protected in the use
of that name; and the protection of the public in preventing any
other persons from assuming a like or similar name is at the
same time a protection of the parties.

5. TRADE NAMES—UNFAIR TRADE. The words "Elgin" and "National" and "Watch" are general or geographical words or names that can not be appropriated to the exclusion of others; but they may be so used when taken together or in connection with certain manufactured articles as to create and establish a special signification, and in the use of those words, or any or either of them, in such connection, and with such special signification, the parties entitled thereto should receive protection from the courts.

Motion to dissolve injunction.  Circuit Court of Cook County.  In chancery.  Heard before Judge Oliver H. Horton.

For statement of facts see opinion.

*W. H. & J. H. Moore & Purcell*, and *Banning, Banning & Payson*, for complainants.

*D. J. Wile*, and *Bond, Pickard & Adams*, for defendants.

HORTON, J.:—

These cases are now before the court upon motions to dissolve the injunctions heretofore granted in said causes respectively.  One of these injunctions restrains the defendants as follows: "From proceeding to complete the organization of 'The Elgin National Watch Case Company' of Elgin, Illinois,' by recording in the office of the recorder of deeds of Kane county, Illinois, the final certificates of organization thereof heretofore issued by the secretary of state of the state of Illinois; and you, the said Charles A. Miller, recorder of Kane county, Illinois, from receiving, filing or recording said final certificate in your office as such recorder or otherwise; and you, the said Max C. Eppenstein, Sol C. Eppenstein and Thomas W. Duncan from in any manner·using or attempting to use the name 'The Elgin National Watch Case Company, of Elgin, Illinois,' in the business of manufacturing or selling watches, watch cases, jewelry, or parts thereof or materials therefor, or any other name so nearly resembling the complainant's corporate name, 'Elgin National Watch Company,' as to be calculated to mislead or deceive, and from in any manner violating, infringing upon or interfering with the complainant's corporate name aforesaid."  The other injunction is substantially the same.

It is urged by solicitors for defendants that the action of the secretary of state in granting the final certificate to "The Elgin National Watch Case Company, of Elgin, Illinois," is final and conclusive. The opinion of the supreme court of this state, cited in support of this position, being the *Illinois Watch Case Company v. Pearson,* 140 Ill. 423, 31 N. E. 400, as I read it, does not sustain this position.

The final certificate must be filed for record as required by the statute before the corporation is fully organized. "It is a condition precedent to the power of the corporation to proceed to business." *Loverin v. McLaughlin,* 46 Ill. App. 373, and cases there cited.[1]

The certificate of incorporation or license issued by the secretary of state to "The Elgin National Watch Case Company, of Elgin, Illinois," not having been recorded as required by the statute, that company is not a corporation *de jure* or *de facto.* As to the questions involved in the cases now before this court, the case of *Bushnell v. Consolidated Ice Machine Co.,* 138 Ill. 67, 4 Am. R. R. & Cor. Rep. 527, 27 N. E. 596, is cited as being in conflict with this view. That case was heard before me, and the supreme court in affirming the opinion of this court does not decide as is argued.

It is objected also by solicitors for defendants that "The Elgin National Watch Case Company, of Elgin, Illinois," is not made a party defendant to this cause, and that such company is a necessary party, and that this court can not entertain jurisdiction to determine as to the validity of its organization or its power to proceed to business in the absence of such company as a party. The complainants could not make that company a party defendant as a corporation, without by so doing admitting, for the purpose of these cases, that it is an existing corporation. *People v. Rensselaer & Saratoga R. R. Co.,* 15 Wendell, 113. That is one of the issues presented for the court to determine.

It is also urged that this court has no jurisdiction of the defendant Charles A. Miller, recorder of Kane county.

---

[1] Affirmed 161 Ill. 417.—Ed.

A writ of injunction of this court operates throughout the state; Starr & Curtis' Statutes (first edition), chap. 37, sec. 68.

And besides the recorder has filed his answer and submitted himself to the jurisdiction of this court, stating, "That he shall in all respects obey said injunction of this honorable court, and all other orders and directions which it may make in the premises respecting this defendant." The jurisdiction of the court will be maintained. *Vermont Farm Machine Co. v. Marble, Commissioner of Patents,* 20 Fed. 117.

Of the two bills before the court one is filed by "Elgin National Watch Company," and the other by "Elgin Watch Case Company." The name complained of is, "The Elgin National Watch Case Company, of Elgin, Illinois."

The place of business and principal office of the two corporation complainants is in Chicago, Cook county, and the principal office and place of business of the proposed corporation is at Elgin, Kane county, Illinois.

On behalf of complainants it is urged that the use of the name, which it is claimed by the defendants they have the right to use, namely, "The Elgin National Watch Case Company, of Elgin, Illinois," will create confusion in business circles and among their customers, and cause great damage to the complainants, and especially the complainant, The Elgin National Watch Company.

These are all Illinois corporation names. It is held by the supreme court of this state in *Illinois Watch Case Company v. Pearson,* 140 Ill. 423, 31 N. E. 400, that sections 2 and 50 of the Illinois statute, as to corporations, should be construed together, because, although embraced in different acts, they were passed at the same session of the legislature, etc. Section 2 applies to the original organization of corporations, and section 50 to the changing of names of corporations. In the section first named it is provided that "no license shall be issued to two companies having the same name," and in section 50, that "no name shall be assumed or adopted by any corporation similar to or liable to be mistaken for the name of any other corporation organized under the laws of this state, without the consent of such other corporation." Aside

from and independent of the general rule laid down by the courts, the legislature has by this statute by implication provided that an Illinois corporation may, by proper legal proceedings, prevent the organization of any other corporation under the laws of this state, with the same or a similar corporate name, when the consent thereto of such existing corporation has not been obtained.

The protection of the public, as well as the rights of corporations or individuals, is to be considered by the court. It is clearly in the interest of the public that no corporation should be authorized, having the same name as a pre-existing corporation, and also that no name should be assumed by a corporation similar to or liable to be mistaken for the name of any other corporation organized under the laws of this state.

Putting the word "The" at the commencement of the name and the words "of Elgin, Illinois," at the conclusion, does not materially tend to prevent confusion. In ordinary use it would be called "Elgin National Watch Case Co."

A large number of affidavits have been filed in these cases, from which it appears that confusion has arisen in regard to these names. These affidavits also tend to show actual damages to the complainant, The Elgin National Watch Company.

It appears that the defendants are seeking to establish or incorporate "The Elgin National Watch Case Company, of Elgin, Illinois," as the successor of "Illinois Watch Case Company," whose watch case factory has been for some time located at Elgin. It also appears that the "Illinois Watch Case Company" sought to change its name to "Elgin Watch Case Company," but that before such change of name was completed the complainant, "Elgin Watch Case Company," was incorporated under the general laws of this state, and thereupon the secretary of state refused a license to change the name of the "Illinois Watch Case Company" to the "Elgin Watch Case Company," presumably under the restriction contained in section 50 of the statute as to corporations above quoted, viz.: "That no name shall be assumed or adopted similar to, or liable to be mistaken for, the name of any other corporation."

Some of the defendants, or those interested with them, thereupon applied to the supreme court of this state to obtain a writ of *mandamus* by which they sought to compel the secretary of state to issue the certificate of the change of name above indicated. The supreme court refused to so command; and it is the opinion of the supreme court in that case, cited above as *"Illinois Watch Case Company v. Pearson."*

The fact that defendants are so anxious and so persistent in their determination to adopt this or some similar name may be regarded as an evidence that they think it is valuable and desirable. If valuable and desirable, why? Is it not reasonable to presume that it is, in part, at least, because the complainant, the "Elgin National Watch Company," has made it so, when connected with watches or parts thereof?

When parties have, by their mode of doing business, and by the quality of the product of their manufactories, and by selling and delivering to the public articles as valuable as represented or promised, built up under a chosen name, a reputation which is of great value, they should be protected in the use of that name.

The protection of the public in preventing any other persons from assuming a like or similar name is at the same time a protection of such parties. A trade-name, like a trade-mark, may be of great value, and that value may have been entirely created by the parties who seek to be protected in its use.

The words "Elgin" and "National" and "Watch" are general or geographical words or names that can not be appropriated to the exclusion of others; but they may be so used when taken together or in connection with certain manufactured articles as to create and establish a special signification, and in the use of those words, or any or either of them, in such connection, and with such special signification, the parties entitled thereto should receive protection from the courts.

A trade-name may not only be as valuable as is a trade-mark, but it will be protected the same as will a trade-mark. *Gray v. Taper Sleeve Pulley Works,* 16 Fed. 436.

The principles underlying the decisions supporting the views here expressed are: first, the injury to the public by

leading them to suppose that the goods of one are the goods of the other, and, secondly, the injury to the owner of the trade-mark, or name, by the diversion of his trade into other channels, by the belief of the public that they are obtaining his goods. *Farmers Loan & Trust Company v. Farmers Loan & Trust Company of Kansas*, 21 Abbott's New Cases, 104.

The rule as to trade-names herein stated applies to corporations the same as it does to individuals.

That confusion would follow if ''The Elgin National Watch Case Company, of Elgin, Illinois,'' should be incorporated and continue to transact business in that name, seems to me certain, and is supported by numerous affidavits. As an evidence to my mind that such confusion would follow I may say that I found it necessary to write these several names down and thus impress them clearly upon my mind to prevent confusion in considering these cases. That damage to the complainant watch company would result seems to be more than probable.

From these conclusions it follows that the motion to dissolve the injunction must be denied.

### NOTE.

For an editorial note upon the right of one corporation to restrain the use of its corporate name by another corporation see pp. 463 *et seq., supra.*—Ed.