51  479
57  105

## Phenix Insurance Co. of Brooklyn, New York v. Mechanics & Traders Savings, Loan & Building Association.

1. EVIDENCE—*Certified Copies—Admissibility.*—A certified copy of a deed offered in evidence is properly rejected where the party offering it does not show that it is not in his power to produce the original.

2. EVIDENCE—*Offer to Make Proof.*—A bare offer to prove certain matters under a question not admissible, is not enough to make the rejection error. The evidence offered and rejected should be competent to prove the offer.

3. PRACTICE IN APPELLATE COURT—*Presumption That the Trial Court was Right.*—To overcome the presumption that the ruling of the trial court is right it must be made to appear affirmatively from the bill of exceptions that prejudicial error has been committed.

4. INSURANCE—*Provisions in the Policy Relating to Title, etc.*—A paragraph relating to " fee simple title" can not be held to apply to an insurance which was taken by a mortgagee to cover his interest only, even though the name of the mortgagor is in the policy as the insured. " The interest of the assured " as those words are used in a policy, must be taken as referring to one who takes insurance ostensibly as owner.

Memorandum.—Action on policy of insurance. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed January 11, 1894.

The statement of facts is contained in the opinion of the court.

ELBERT H. GARY, attorney for appellant.

EASTMAN & SCHUMACHER, attorneys for appellee.

480      APPELLATE COURTS OF ILLINOIS.

VOL. 51.] Phenix Ins. Co. v. Mechanics & Traders Bldg. Ass'n.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

A policy of insurance issued by appellant to F. W. Cleaver, as would appear on the face of it, but in fact taken out by the appellee, by a paper pasted on the face of the policy before it was issued, entitled " Mortgage Clause," made the " loss, if any, payable to " the appellee.

In this loss clause is contained the following language:

" It is further agreed, that in case of any other insurance upon the property hereby insured, then this company shall not be liable under this policy for a greater portion of any loss sustained than the sum hereby insured bears to the whole amount of insurance on said property, issued to or held by any party or parties having an insurable interest herein."

The policy contained this provision:

" If the interest of the assured in the property be other than an absolute fee simple title, or if any other person or persons have any interest whatever in the property described, whether it be real estate or personal property whether inquired about or not, it must be so represented to the company, and so expressed in the written part of this policy, otherwise the policy shall be void."

And: " Persons sustaining loss or damage by fire shall, within six days, give notice in writing of said loss to the company, and, within thirty days thereafter, render a particular and specific account of such loss, signed and sworn to by them," etc., etc.

On the trial the defendant offered in evidence a certified copy of a deed from F. W. Cleaver to Mary Cleaver.

It was rightly rejected, because the appellant did not show that the original was not in the power of the appellant. Secs. 35, 36, Ch. 30, Conveyances.

In a foreclosure suit by the appellee against F. W. Cleaver, the bill alleged that Mary Cleaver had or claimed some interest in the insured property. This did not prove any interest in her. It was only an admission by the appellee that she claimed an interest—not that she had any.

With the evidence in the cause being thus as to Mary Cleaver, the counsel of the appellant asked of an insurance

agent, who was on the stand as a witness, "Did your company have a policy of insurance upon the property in question on the 25th of August, 1890, issued to Mrs. Mary Cleaver, and if so, what was done with reference to adjustment of loss and payment of insurance called for by that policy?"

Which being objected to, he made this offer:

"Now, I offer to show that this other insurance was issued by the Agricultural Insurance Company upon the property in question here to Mary Cleaver, the person named in the deed from Frederick W. Cleaver; that the loss was adjusted, the amount paid, and all the circumstances for the purpose of showing that there was other insurance upon the property issued to a person having an insurable interest therein."

This offer does not aid the appellant. The question to the witness called for parol testimony to prove matter in writing, and also to prove a transaction with one not shown to have any interest in the property. A bare offer to prove, under a question not admissible, is not enough to make the rejection error. The evidence offered and rejected should be competent to prove the matter offered.

"To overcome the presumption that the ruling of the trial court is right, it must be made to appear affirmatively from the bill of exceptions that prejudicial error was committed." Moran J., in Gaffield v. Scott, 33 Ill. App. 317.

It is unnecessary to pay further attention to the paragraph as to other insurance, there being no proof of any.

The paragraph relating to "fee simple title" can not be held to apply to an insurance which was taken by a mortgagee to cover his interest only, even though the name of the mortgagor is in the policy as the insured. "The interest of the assured," as those words are used in the policy, must be taken as referring to one who takes insurance, ostensibly, as owner.

The paragraph as to time in which to "render a particular and specific account of" the loss may be ambiguous; if so, the construction is to be adverse to the insurer. Travelers, etc., v. Kelsey, 46 Ill. App. 371.

The assured had thirty days after notice of the loss, given within six days of the loss, in which to render the account.

These views cover all the objections of the appellant, and the judgment is affirmed.