### United States Life Insurance Co. v. Mamie E. Ross.

1. Insurance Companies—*Inconsistent Representations in Notices.* —When the representations issued by an insurance company to persons insured are inconsistent, the assured is entitled to act upon the construction most favorable to himself.

Memorandum.—Assumpsit on an insurance policy. Appeal from the Superior Court of Cook County; the Hon. James Goggin, Judge, presiding. Heard in this court at the October term, 1894, and affirmed. Opinion filed December 20, 1894.

Appellant's Brief, Isham, Lincoln & Beale, Attorneys.

A policy of insurance having a forfeiture clause expressed in the language of this policy becomes void upon non-payment of a premium when due, unless the forfeiture is waived, or the insurance company is in some way estopped from asserting the forfeiture.

The proposition is that in the absence of waiver or estoppel, the forfeiture clause is self-operating and calls for no action on the part of the insurance company. Cook on Life Insurance, Sec. 94; 2 May on Ins., Sec. 352, 352 A.; Insurance Company of North America v. Garland, 108 Ill. 220; Schimp v. Cedar Rapids Ins. Co., 124 Ill. 354; Carlock v. Phoenix Ins. Co., 138 Ill. 210; Hansen v. Supreme Lodge Knights of Honor, 140 Ill. 301; affirming 40 Ill. App. 216; N. W. Traveling Men's Ass'n v. Schauss, 148 Ill. 304; Rood v. Railway Passenger and Freight Conductors' Mut. Ben. Ass'n, 31 Fed. Rep. 62; Railway Passenger and Freight Conductors Mut. Ben. Ass'n v. Loomis, 43 Ill. App. 599, 606; N. Y. Cent. Ins. Co. v. Watson, 23 Mich. 486; McIntyre v. Michigan State Ins. Co., 52 Mich. 188; 17 N. W. Rep. 781; Union Mutual Life Ins. Co. v. McMillen, 24 Ohio

St. 67; Ashbrook v. Phoenix Mut. Ins. Co., 94 Missouri 72; 6 S. W. Rep. 462; Catoir v. American Life Ins. and Trust Co., 33 N. J. Law 487; Holly v. Metropolitan Life Ins. Co., 105 N. Y. 437; Fowler v. Metropolitan Life Ins. Co., 116 N. Y. 389; N. Y. Life Ins. Co. v. Statham, 93 U. S. 24; Thompson v. Ins., 104 U. S. 252; Benevolent Society v. Baldwin, 86 Ill. 479.

### Appellee's Brief, G. Frank White, Attorney.

Forfeitures are odious to the law, and in enforcing them courts should never search for that construction of language which must produce a forfeiture when it will bear another reasonable construction which will not produce such a result. Hartford Fire Ins. Co. v. Walsh, 54 Ill. 164; Home Life Ins. Co. v. Pierce, 75 Ill. 426.

A declaration of forfeiture must be made in lifetime of assured. Teutonia Life Ins. Co. v. Anderson, 77 Ill. 384; Protec. Life Ins. Co. v. Palmer, 81 Ill. 88.

Provision for forfeiture will be strictly construed so as to prevent a forfeiture if possible. N. W. Trav. Men's Ass'n v. Schaus, 148 Ill. 304.

Not necessary to valid waiver after acceptance of policy that it should be in writing; time can be extended by parol, or after expiration of days of grace, waive the right to treat the contract as forfeited. Ill. F. Ins. Co. v. Stanton, 57 Ill. 354; Reaper v. Jones, 62 Ill. 458; Ins. Co. v. Garland, 108 Ill. 220; Williamsburg Fire Ins. Co. v. Cary, 83 Ill. 453; Germania Ins. Co. v. Kleaver, 129 Ill. 599; Phoenix Ins. Co. v. Johnson, 42 Ill. App. 66; Chicago Life Ins. Co. v. Warner, 80 Ill. 410; M. B. L. Co. v. Robertson, 59 Ill. 123; Phoenix Ins. Co. v. Hart, 149 Ill. 513; Lycoming Ins. Co. v. Burringer, 73 Ill. 230, 235; Chicago Life Ins. Co. v. Warner, 80 Ill. 410.

An insurance company may authorize agent to waive forfeitures, and is not bound to act upon declaration in policy that it has no such authority. Question of whether or not a company has exercised its option in forfeiting policy, is a fact to be proved in case, notwithstanding a declaration in

the policy to the contrary.    Home Ins. Co. v. Myer, 93 Ill.
271.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

On the 17th day of February, 1888, the appellant issued
a policy of life insurance to Robert J. Ross in the sum of
$5,000, for the benefit of his wife, the appellee, upon an ap-
plication containing as follows:

" 5.    Does the person desire the policy to be issued on the
Tontine Dividend Policy plan, whereby surplus is only
participated in at the expiration of the tontine period, ac-
cording to the provisions made in the company's form of
Tontine Policy now in use, and agree that no allowance
shall be made on policies lapsing during the tontine term?
A.    No.

" 6.    Does the person desire the policy to be issued on
the Limited Tontine Dividend plan whereby surplus is only
participated in at the expiration of the tontine period, ac-
cording to the provisions made in the company's form of
Limited Tontine Policy now in use, and agree that no allow-
ance shall be made on policies lapsing during the tontine
term, except as may be provided for in the policy?    A.
Yes.    Extension."

Ross insured at the solicitation of one John F. Short—
Ross being one of his friends.

Short was then in the office of Joseph H. Strong, man-
ager of the agency of the appellant in the States of Illinois
and Wisconsin, and soon thereafter Short became also a
manager at St. Paul.    The whole dispute in this case grows
out of the non-payment of the premium due February 17,
1889.    Ross died March 7, 1889.

Part of the evidence in the case is letters as follows:

" CHICAGO, Jan. 31, 1889.

J. F. Short, Esq., St. Paul, Minn.

FRIEND SHORT :    My life insurance premium with Strong
is due on the 17th of February; how much grace do I have
on this, is it ten or thirty days?    I will be in St. Paul about
the middle of next month.

Send me one of those printed slips explaining fully the limits on days of grace, by return mail, and oblige,

Yours truly,

Ross."

" Agency of
The United States Life Insurance Company
In the City of New York.
Jas. F. Short, Manager, 94 East Fourth Street.

St. Paul, Minn., February 1, 1889.

R. J. Ross, Esq., Chicago.

Friend Ross: Yours of the 31st received and noted. You have thirty days grace. I enclose you a slip explaining same. * * *

Yours truly,

J. F. Short."

The slip thus sent was a small sheet so folded as to make four pages, entitled on the first page " Days of Grace," and upon the bottom of the second page in pencil was written by Short, " Your policy is a tontine. J. F. S."

The contents of the pages are as follows:

" Days of Grace.

It has always been a chronic complaint against life insurance that the contract required that the premiums must be paid on the day named therein, or the policy would lapse and be voided. In the contracts issued by most life insurance companies this is still a compulsory condition. Its effect has often proved to be a great hardship to policy holders who, through thoughtlessness or carelessness, have neglected to pay ' as designated in the bond.'

In liberal contrast, the United States Life Insurance Company has sought to obviate largely the effects of this condition, by allowing a month's grace in the payment of premiums on tontine policies, and a grace of ten days in the payment of premiums on all other policies.

During the period of grace the policy is kept in full force, premiums are accepted without regard to the health of the insured, and should death take place, the full amount of the insurance will be paid, less the overdue premium.

What could be fairer or more generous than a concession like this, whereby a life insurance company seeks to protect the interests of a man's family against his own forgetfulness, or even his inability to fulfill his contract and pay the premium on the designated day?

Next only in importance to the absolute indisputability of every policy issued by the United States Life, after it has been in force three years, is the promise of ten days' grace in the payment of premiums, and, taken together, they go further than any other concessions in the business of life insurance to give certainty to the calculations and investments of the man who wants to secure a sure protection for his loved ones.

How often has it happened that sudden illness or business cares have caused a neglect of a couple of days in the payment of a premium, whereby a policy has lapsed and the insurance has been forfeited? 'Ten days' grace' given by this company may mean, and often does mean, a sure provision for families who otherwise and under the usual life insurance contract, might be left without a dollar in the world.".

The policy itself, both outside and inside, is entitled " Limited-Tontine Dividend Plan."

The defendant's answer to the plaintiff's case was:

First. Receipts for the first premium, due February 17, 1888, and for the second premium, due August 17, 1888, were obtained by defendant's counsel from the counsel for plaintiff, and were introduced in evidence, and were read, as follows, alike except as to dates:

"THE UNITED STATES LIFE INSURANCE COMPANY,

In the City of New York, 261, 262, 263 Broadway. $54.45-100.

Received 54 and 45-100 dollars, being the semi-annual premium due the 17th day of February, 1888, on policy on the life of Robert J. Ross, Policy No. 56,797, subject to all the provisions, conditions and agreements contained in the above mentioned policy and the application therefor, and those indorsed hereon, all of which are hereby referred to and made part hereof.        C. P. FRALEIGH, Secretary.

This receipt is not binding unless countersigned by the company's cashier, or by Jos. H. Strong, Agent."

(Printed across the end :) .

"Read the notice to policy holders on the back of this receipt."

(Printed and written across the center :)

"Countersigned by J. H. Strong."

(On the back :)

· "All premiums are due and payable at the company's office in New York City, but agents having the proper renewal receipts, signed by the president, secretary, assistant-secretary or actuary, are authorized to receive premiums, not overdue, on countersigning said renewal receipts, as evidence of payment.

The agreement is mutual (see application and policy) that, unless the premium is paid on or before the day it becomes due, or within the ten days' grace allowed, the policy is forfeited and void, except as may be provided for in the policy.

Should this policy be restored at any time by acceptance of premium, after the same is due and payable, such restoration shall not create an obligation or precedent for waiving any conditions of the policy in regard to subsequent non-payment of any premium on the day it falls due.

No person except the president, secretary, assistant secretary or actuary is authorized to make, alter or discharge contracts or waive forfeitures."

Second. Evidence that before either the August, 1888, or February, 1889, premiums were due, notices were sent to Ross, both from Strong and from the company.

Copy of form of agent's notice as follows :

"The United States Life Insurance Company.

In the City of New York.

Agency office, No.... ʼ

..................189..

To the holder of policy No......

The premium of $...... on said policy will be due at noon the..day of........ 189.., if said policy be in force on

that day, and may be paid to the undersigned only upon the company's receipt, which has been forwarded to this office.

The company allows ten days grace for the payment of this premium.

If not paid either to the company at its office in New York City, or to the undersigned, at his office in..........
before the expiration of said ten days grace, the insurance thereupon ceases.

........................Agent."

Stamped across the face of this form of agent's notice, appears the following:

"Branch Offices U. S. Life Ins. Co., 26 Montauk Block, Chicago, Ills.

J. H. Strong, Gen'l Manager."

Copy of form of other notice:

"135,106.

The United States Life Insurance Company,

In the City of New York, 261, 262, 263 Broadway, New York.

Take notice, that the one-half annual premium of $54 45-100 on Policy No. 56,797, on the life of Robert J. Ross, will be due on 17th August, 1888, if said policy be in force on that day, and that if not paid, the policy and all payments thereon will become forfeited and void. Such premium may be paid on or before that day, or within ten days thereafter (ten days grace being hereby allowed), at this office by check, draft or post office order, to the order of the company, or, if more convenient for the insured, it may be so paid in cash to an authorized agent, only upon the company's receipt, to be given by him in exchange therefor, signed by the president, secretary, assistant secretary or actuary.

C. P. Fraleigh, Secretary.

Read notice on other side."

(On back:)

"Notice to Policy Holders.

Agents of this company are not authorized to make, alter or discharge contracts, or waive forfeitures. All premiums

by the terms of this policy, are due and payable in cash at the company's office in New York; but for the convenience of the insured, they may be made to an agent, upon the production of a receipt signed by the president, secretary, assistant secretary or actuary, and the agent must countersign the same as evidence of payment to him.   Notice of the payment of premiums will, when the policy holder's address is known, be sent previous to the time when they fall due, by mail, to meet the existing requirements of the statute affecting premium notices, but for no other purpose; but neither the company nor the agent hold themselves responsible for their delivery or miscarriage.

Every policy holder should notify the company at its home office, of any change of his post-office address.

The sending of this notice is upon the understanding that there has not been any default in the payment of any premium, or any violation of any of the provisions or conditions of the policy.

> Geo. H. Burford, Pres't.
> C. P. Fraleigh, Sec'y.
> A. Wheelwright, Ass't Sec'y.
> Wm. T. Standen, Actuary."

Then there is testimony as to conversations between Strong and Ross as to how Ross might obtain time in which to pay, but it is all very inconclusive, and we think it unnecessary to take time and space to comment upon it.

Upon the evidence, with correct instructions as to the law, the appellant can never, and never ought to, escape a verdict.

We attach no importance to what Short wrote, either in a letter to Ross, or on the slip he sent.

The slip itself was issued by the company.

If it was inconsistent with other representations in notices issued by the company, the assured was entitled to act upon the construction most favorable to himself.   Phœnix Ins. Co. v. Merchants, etc., Association, 51 Ill. App. 479.

That he trusted to the slip is a fair, if not an irresistible, inference.   That a " Limited-Tontine " is not a " Tontine,"

is a refinement that would never be accepted to discharge an insurance company.

Even law writers treat of limited partnerships under the head of partnership. Unless the slip referred to such policies as that in suit as tontine, it was in that respect meaningless; for the other kind of tontine were no longer issued. They had been stopped more than a year before.

It is useless to go over the able and voluminous argument for the appellant, for the merits of the case make errors, if any were committed, of no importance.

The judgment is affirmed.