180    APPELLATE COURTS OF ILLINOIS.

Deitz v. Dunham and Chemung T. M. F. Ins. Co., 160 Ill. App. 180.

**Charles W. Deitz, Defendant in Error, v. The Dunham and Chemung Township Mutual Fire Insurance Company, Plaintiff in Error.**

### Gen. No. 5388.

1. INSURANCE—*when township company waives provisions of policy as to location of property covered.* Held, under the evidence, that notwithstanding the original policy contemplated that the property covered was located in a particular township, yet there was a waiver of the terms of the policy in that respect and that the company was liable upon destruction of such property in another township.

2. INSURANCE—*how policy to be construed.* An insurance policy should be liberally construed in favor of the insured as the language of the policy is that of the company and is intended to give indemnity if possible.

Assumpsit. Error to the Circuit Court of McHenry county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed March 16, 1911.

CALVIN J. HENDRICKS, for plaintiff in error.

SHURTLEFF & HEIZER, for defendant in error.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.·

The Dunham and Chemung Township Mutual Fire Insurance Company is a township fire insurance company, incorporated under the laws of Illinois and doing business in nine townships in McHenry county, including the townships of Seneca and Marengo. On May 13, 1903, it issued a policy of insurance to Charles W. Deitz for a period of five years on a dwelling house, barn and household furniture, live stock, grain, farming implements, harness and wagons, in the township of Seneca. Some of the items of insurance were afterwards raised or changed, but the insurance was in force as to certain horses, wagons, buggies and harness on

the 7th day of December, 1907, when a livery stable barn in the city and township of Marengo, rented by Deitz, was destroyed by fire, and with it eleven horses, seven sets of harness and two buggies owned by him, being a part of the chattels covered by said policy of insurance. Upon refusal of the company to make good this loss, Deitz brought suit to recover the insurance and the case was tried by the court upon the policy and accompanying papers and a stipulation as to the facts. The court rendered judgment for Deitz for $768.28, being $700 on the horses and $75 on the buggies, after deducting therefrom the amount of an unpaid assessment. The company sued out this writ of error to review that judgment.

More than a year before the fire here in question defendant in error had temporarily removed to the city of Marengo, which it was stipulated was within the limits of the plaintiff in error, and had there rented a livery barn and stored therein his horses, wagons and harness, which had formerly been on his farm in Seneca township. These chattels defendant in error used during the week in teaming and hauling gravel in the township of Seneca and other townships. On Saturday nights he brought this property to said livery stable barn and kept it there over Sunday. This was his general practice in regard to these chattels but at times he kept this property in other localities where he was digging and hauling gravel, but always within the limits of the plaintiff in error, and he still claimed his residence in the township of Seneca.

The plaintiff in error claims, as grounds for a reversal of said judgment, that this policy of insurance did not cover the harnesses and wagons except while contained within buildings or sheds on the premises of the assured in the township of Seneca; that the policy did not cover the horses except while the same were contained in buildings on the farm of the assured or while at large within the limits of the com-

pany; that the company could not lawfully insure any such chattel property while situated in a livery barn, under the provisions of section 107 of chapter 73 of the Revised Statutes; that risks situated on any village plat were prohibited by the by-laws of the company, and it was stipulated that this livery barn was located on a village plat; that the assured is presumed to have known of all the by-laws and rules of the company and is to be bound by them; and that the burden of procuring a waiver is on the one who relies upon it, and that such waiver is not to be inferred from slight circumstances.

It is true that when the property was insured, it was then located in the township of Seneca and was so described in the policy of insurance, and that, when destroyed by fire, it was located in a different township, but, in our opinion, the actions of the plaintiff in error for some time before the loss must be construed as a waiver on its part of any departure from the terms of the policy. From the time of the issuing of the policy to the loss by fire, one Sullivan was the agent of the plaintiff in error. He knew of the fact that defendant in error had removed his chattels from his farm to the livery barn at Marengo and had talked with defendant in error in regard to it on several occasions, but had taken no steps towards the cancellation of the policy. It was stipulated, in addition to the above, that there was no by-law or resolution of the board of directors of plaintiff in error which regulated or limited the duties of its agents and that, during the time mentioned, he, as the agent of the company, had notice and knowledge as to the location and situation of the property in question. We must therefore consider that the company itself had notice thereof. Furthermore, the address of defendant in error, which had been "Woodstock" while he was living on the farm, had been changed to "Marengo" on the mailing list of the company and the notices of assessments had been mailed to him at the latter place.

The company must, therefore, be considered to have known of the changed location of this chattel property on October 21, 1907, before the loss here in question, when it mailed to defendant in error, at his new address in Marengo, a notice of an assessment upon all of the property covered by this policy, including that removed to Marengo. Even if we assume that the company could have cancelled the policy upon learning of the removal of the insured property from the farm to a livery barn on a village plat in the city of Marengo, still, with full knowledge of the facts, it failed to take advantage of this supposed departure from the terms of the policy, and instead, in effect, consented to such changes by the levying of such new assessment. Having treated the policy as still in force, the company could not now be heard to say that because of such changes in the location of the insured property it can no longer be held liable for any loss thereon. The company cannot collect an assessment upon certain property, having knowledge of the location of such property at the time of the assessment, and then refuse to be held liable for a loss on the same property because of such location. Plaintiff in error claims to be released from its obligation by reason of the fact that this assessment had not been paid at the time of the loss, but this argument is of no force because of a provision in the policy giving a period of ninety days in which to pay any assessment after the same becomes due.

The 18th by-law of the company reads as follows: "No risk shall be taken on any property situated on any village plat." We do not interpret this to mean that no risk shall be taken on any horse or buggy situated temporarily on any village plat, but, regardless of the proper interpretation of this by-law, the fact remains that plaintiff in error had the power to waive the enforcement of this by-law, and it did waive this condition and others and consented to be responsible

for this chattel property in this livery barn in the city of Marengo when, with full knowledge of all the facts, it made this assessment and sent a notice thereof to defendant in error. If the company, upon learning where the property was located, had cancelled the policy defendant in error would have had an opportunity to procure other insurance which would be valid in that location, but to permit the company now to declare that the contract of insurance was not in force would be an injustice to the insured. An insurance policy should be liberally construed in favor of the insured, as the language of the policy is that of the company and is intended to give indemnity if possible. Travelers' Preferred Accident Assn. v. Kelsey, 46 Ill. App. 373; Phenix Ins. Co. v. Mechanics' & Traders' Bldg. Assn., 51 Ill. App. 479; Healey v. Mutual Acc. Assn., 133 Ill. 556; Niagara Fire Ins. Co. v. Heenan, 81 Ill. App. 678, 181 Ill. 575.

The judgment is therefore affirmed.

*Affirmed.*