### Jennie Hixenbaugh, Appellee, v. Union Central Life Insurance Company of Cincinnati, Ohio, Appellant.

1. INSURANCE, § 147*—*when time of payment of premium expires*. Where the 31 days of grace granted in a life insurance policy for the payment of a premium expired on Sunday and the insured died on the Monday following, without making payment, the policy was void.

2. INSURANCE, § 147*—*what statutory provisions do not affect time of payment of premiums*. Paragraphs 17 and 211 of chapter 98, Hurd's Rev. St. 1917, and clause 11, sec. 1, ch. 131 (J. & A. ¶¶ 7638, 7833, 11102), relating to the extension of time to Monday where the time expires on Sunday, apply only to negotiable instruments and the construction of statutes and had no application to extending to the following Monday the days of grace for the payment of a life insurance policy premium, which expired on Sunday.

3. TIME, § 2*—*when Sunday is excluded in computing time.*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

It is doubtful if the general rule excluding Sunday where the last day of a period fixed by a decree, order of court or a statute falls on that day, is now supported by the weight of authority.

4. INSURANCE, § 147*—*when Sunday is excluded in computing days of grace.* Even if the rule that when the maturity date falls on Sunday the next day would be allowed for payment, applied to life insurance premiums, that would not extend the days of grace so as to allow payment to be made on a Monday where the last day of grace was Sunday.

Appeal from the Circuit Court of Vermilion county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding. Heard in this court at the April term, 1920. Reversed. Opinion filed October 27, 1920.

LINDLEY, PENWELL & LINDLEY, for appellant; WALTER C. LINDLEY, of counsel.

OLIVER DAVIS MANN, for appellee.

MR. PRESIDING JUSTICE WAGGONER delivered the opinion of the court.

The only question involved in this case is whether the life insurance policy sued on was in force on the day the insured died, Monday, November 4, 1918. It was issued October 3, 1917, and provides that the premium shall be paid annually on October 3, in every year during the life of the insured. The premium for the first year was paid but for the second year had not been paid. The policy further provides that a grace of thirty-one days shall be granted for the payment of any premium after the first. The thirty-first day of grace expired on Sunday, November 3, 1918. Appellee claims that the time in which to pay the premium was, under the law, extended until the Monday following and that the insured having died on that day no forfeiture took place and the beneficiary is entitled to recover in this case. Appellant claims that the fact that the thirty-first day of grace fell on Sunday did

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

not, under the law, extend the time of payment until the day following. Appellee relies upon paragraphs seventeen and two hundred and eleven of chapter ninety-eight, Hurd's Revised Statutes 1917 (J. & A. ¶¶ 7638, 7833), and on the eleventh clause of section one of chapter one hundred and thirty-one of the same statute (J. & A. ¶ 11102). The provisions of the statute cited, as their reading discloses, apply only to negotiable instruments and to the construction of statutes, and, for that reason, have no application to this case. Like statutes were similarly construed in *Geneva Cooperage Co. v. Brown*, 124 Ky. 16, 24-25, 124 Am. St. Rep. 388, 392; and *Upton v. Travelers' Ins. Co.*, 179 Cal. 727, 2 Am. Law Rep. 1597, 1599. While appellee in her replication expressly relies upon the statute as extending the time for the payment of the premium so as to include Monday, yet in her brief, filed in this case, says that the time was extended by operation of law. It is, of course, true that Sunday is a nonjudicial day, and from that fact it follows, as a general rule, that if a period of time fixed by a decree, order of court or a statute for an act to be accomplished ends on Sunday, then that day is to be excluded and the following day allowed for the accomplishment of such act. See notes in 78 Am. St. Rep. 377-380, and 32 Ann. Cases 1036-1037. This general rule is given a much wider application by some courts and extended to the time for performing or tendering performance of a contract. 38 Cyc. 329-330, note 46, in which is cited, among other cases, *Northey v. Bankers' Life Ass'n*, 110 Cal. 547; and *Hammond v. American Mut. Life Ins. Co.*, 10 Gray (Mass.) 306, cited and relied on by appellee. The statutes of both Massachusetts and California make it illegal to perform a contract on Sunday.

The common law, as adopted in Illinois, does not prohibit a citizen from pursuing his ordinary labor on Sunday, nor is a contract void because executed on that day. *Eden v. People*, 161 Ill. 296, 300. It is clear-

ly apparent that the Massachusetts and California cases, cited by appellant, being based on statutes that are at variance with the common law as adopted in this State cannot control this case.

At common law, and in the absence of a statute to the contrary, a contract calling for performance on Sunday is not void, and if the act can be lawfully performed on that day it is no excuse for nonperformance that it was covenanted to be done on Sunday. *Amis v. Kyle,* 2 Yerg. (Tenn.) 31, 24 Am. Dec. 463; and 38 Cyc. 329, note 44. It has been held that the exercise of an option which matures on a holiday cannot be lawfully made on the succeeding day where the statute makes no provision for the suspension of general business on that day. *Page v. Shainwald,* 169 N. Y. 246, 57 L. R. A. 173, and 25 Ruling Case Law 1434.

Section two hundred and sixty-one of the Criminal Code of Illinois (J. & A. ¶ 3948), has been construed as merely prohibiting labor and amusements on Sunday which disturb the peace and good order of society. *Richmond v. Moore,* 107 Ill. 429; and *Johnson v. People,* 42 Ill. App. 594. The contract in question could have been lawfully performed on Sunday, and there is no legal reason for giving an additional day for its performance.

It is doubtful if the general rule excluding Sunday where the last day of a period fixed by statute falls on that day is now supported by the weight of authority. It seems that the weight of authority is that when an act is to be done within a time fixed by statute, and the last day thereof falls on a Sunday, that day will not be excluded unless a different rule for computing the time is provided by statute. See notes in 7 Ann. Cases 325-327; 20 Ann. Cases 1318-1319; and Ann. Cases 1917 E 934-947. In Illinois it is certain that the authority for excluding Sunday in comp~ ıg statutory periods, when the last day falls on Sunday, is based on clause eleven of section one of chapter one

538    APPELLATE COURTS OF ILLINOIS.

Hixenbaugh v. Union Cent. Life Ins. Co., 219 Ill. App. 534.

hundred and thirty-one of the statute (J. & A. ¶ 11102).

The case of *United States Life Ins. Co. v. Ross*, 57 Ill. App. 98, cited by appellee, was reversed by the Supreme Court. See case of the same title, 159 Ill. 476. The case of *United Cigar Stores Co. v. Worth-Gyles Grain Co.*, 212 Ill. App. 26, also cited by appellee, is not in point. In that case the court held that where a tenant did not move on Sunday (the day the lease expired), but waited until Monday following, he could not be punished by being held as a tenant for another year, where neither of the parties intended that he was to be a tenant for another year. The court expressly recognized the fact that he might have moved on Sunday if such act would not have disturbed the peace and good order of society.

The premium on the policy involved in this case, under the law, could and should have been paid on Sunday or prior thereto, and the insured was not legally entitled to make such payment on Monday. *Upton v. Travelers' Ins. Co.*, 179 Cal. 727, 2 Am. Law Rep. 1597, and note on page 1601; *Aetna Life Ins. Co. v. Wimberly*, 102 Tex. 46, 132 Am. St. Rep. 852; *National Mut. Ben. Ass'n v. Miller*, 85 Ky. 88; and *Hanover Fire Ins. Co. v. Shrader*, 89 Tex. 35, 59 Am. St. Rep. 25.

There is a further reason why appellee cannot recover. Even if the rule applied to this case that when the maturity date fell on Sunday the next day would be allowed for payment, still that would not extend the days of grace so as to allow a payment to be made on Monday when the last day of grace was Sunday. Daniel, in his work on Negotiable Instruments (6th Ed.), volume 1, page 700, section 627, says: "There is a peculiarity about the calculation of grace which denotes its origin as arising from indulgence. If a bill or note without grace, or any noncommercial instrument for payment of money, falls due on a Sunday or a legal holiday, it is not payable until the next regular

business day, for the payor is not compellable by law to pay on the exact day named, and the next day is the first day that the creditor can demand payment. But the debtor cannot require the creditor to extend his indulgence beyond three calendar days; and, therefore, when grace on a bill or note entitled to it expires on a Sunday or other nonbusiness day, the bill or note would fall due on the day preceding. Thus, if grace expired on Sunday it would fall due on Saturday; and if a holiday, such as Christmas day, fell on the Saturday before the Sunday of its maturity, it would fall due on the Friday preceding. The latest business day within or before the period of grace is the day of payment even though all grace be excluded. If a holiday or Sunday intervenes or is the nominal day of grace, it is counted as one of the days of grace. Courts take judicial notice of the almanac and therefore of the dates on which Sunday falls.''

The judgment of the circuit court is reversed.

*Judgment reversed.*